McKIM (ASHTON v.). See Case No. 584.

## Case No. 8,861.

### McKIM et al. v. KELSEY et al.

[Taney, 502.][1]

Circuit Court, D. Maryland. April Term, 1851.

MARITIME LIENS—REPAIRS — NOTE GIVEN THEREFOR—SURRENDER—JURISDICTION—CONSENT.

1. A promissory note given for articles furnished towards the repair of a vessel, will not bar a suit in admiralty, on the original cause of action, where the libellant produces the note in court, and surrenders it.

2. If the district court has not jurisdiction independently of the consent of the parties, that consent could not confer it.

[Appeal from the district court of the United States for the district of Maryland.

[This was a libel in personam by William McKim and Haslett McKim against Henry Kelsey and Andrew Gray. The district court rendered a decree dismissing the libel, without costs. Libellants appeal.]

J. Mason Campbell, for libellants.
Wm. R. Preston, for respondents.

TANEY, Circuit Justice. The libel filed in this case by the appellants, only states that, at the request of the appellees, who were agents and part owners of the schooner Greek, they found and provided a quantity of copper for the said vessel, which was useful and necessary to her safety and navigation on the high seas; that the appellees gave their promissory note for the amount ($616.-16), payable on the 23d of August 1848; and that the note had not been paid; and they pray process in personam against the appellees, and a decree for the payment of the money.

The appellees accordingly appeared and answered, admitting the facts stated in the libel, and consenting that a decree should be passed as prayed; and the libellants produced the note mentioned in the libel, and filed it in court and surrendered it. There was no testimony taken in the case; and at the hearing in the district court, upon these pleadings and proceedings, the learned judge dismissed the libel without costs.

It is evident, that this decree was founded upon the opinion that the district court had not jurisdiction; and certainly, if it had not jurisdiction, independently of the consent of the parties, that consent could not confer it. But the circuit court is of opinion that the

---

[1] [Affirmed in 6 Wall. (73 U. S.) 225.]

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

district court had jurisdiction of the case, as presented in the libel, and admitted in the answer. The reasoning and authorities upon which this opinion rests, have been already stated in the case of Reppert v. Robinson [Case No. 11,703], in which the same questions arose; and it is unnecessary to repeat them here; but upon the grounds there stated, this court is of opinion that the decree of the district court in this case is erroneous, and must be reversed. Decree reversed with costs.